# Supreme Court of Florida

_____

No. SC17-583

_____

## IN RE:  STANDARD CRIMINAL JURY INSTRUCTIONS IN CAPITAL CASES.

[April 13, 2017]

PER CURIAM.

This matter is before the Court on our own motion to consider the criminal jury instructions pertaining to the imposition of the death penalty.  On an interim basis, we authorize for publication and use amended Standard Jury Instructions in Criminal Cases 7.11 (Preliminary Instructions in Penalty Proceedings—Capital Cases) and 7.12 (Dialogue for Polling the Jury (Death Penalty Case)).  In addition, we propose, on our own motion, new instructions 3.12(e) (Jury Verdict Form—Death Penalty) and 7.11(a) (Final Instructions in Penalty Proceedings—Capital Cases).[1]  We have jurisdiction.  See art. V, § 2(a), Fla. Const.

_____

1. The amendments and the new jury instructions are based upon proposals that, while not previously filed with the Court, were published by the Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee).

In Hurst v. Florida (Hurst v. Florida), 136 S. Ct. 616 (2016), the United States Supreme Court held a portion of Florida's death penalty sentencing scheme unconstitutional because a jury was not required to find the facts necessary to impose a sentence of death. See id. at 619. On remand from the Supreme Court, in Hurst v. State (Hurst), 202 So. 3d 40 (Fla. 2016), petition for cert. filed, No. 16-998 (U.S. Feb. 13, 2017), we held that "in addition to unanimously finding the existence of any aggravating factor, the jury must also unanimously find that the aggravating factors are sufficient for the imposition of death and unanimously find that the aggravating factors outweigh the mitigation before a sentence of death may be considered by the judge." Id. at 54. We further held that a unanimous jury recommendation for death is required before a trial court may impose a sentence of death. Id. In response to Hurst, the Florida Legislature enacted chapter 2017-1, Laws of Florida, effective March 13, 2017. This legislation requires a jury to unanimously determine that a defendant should be sentenced to death before a trial court may impose the death penalty.

In light of chapter 2017-1, Laws of Florida, and our decision in Hurst, we hereby authorize on an interim basis the publication and use of jury instructions 3.12(e), 7.11, 7.11(a), and 7.12, as set forth in the appendix to this opinion.

---

We take this opportunity to thank the Committee for its dedication to this significant undertaking.

Certain language that previously appeared in jury instruction 7.11, unrelated to the portion of Florida's death penalty law that was deemed constitutionally problematic in <u>Hurst v. Florida</u> and <u>Hurst</u>—for example, the definitions of statutory aggravating factors—has been transferred to new instruction 7.11(a) without any substantive changes. In adopting these interim instructions, we express no opinion on their correctness and further note that this authorization forecloses neither requesting additional or alternative instructions, nor contesting the legal correctness of the instructions. New language is indicated by underlining, and deleted language is struck through. These interim instructions are authorized for use immediately and until further order of the Court.

We seek comments and suggestions on the interim instructions from the Committee, specifically with regard to those changes that are based upon chapter 2017-1, Laws of Florida, and <u>Hurst</u>. We further invite comments from any other interested persons regarding these specific aspects of the interim instructions. All comments shall be filed with the Court no later than forty-five days from the date of this opinion.[2]

---

2. All comments must be filed with the Court on or before May 29, 2017, with a certificate of service verifying that a copy has been served on the Criminal Jury Instructions Committee Chair, The Honorable F. Rand Wallis, c/o Bart Schneider, Office of the General Counsel, 500 S. Duval Street, Tallahassee, Florida 32399-1925, schneidb@flcourts.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee has until June 28, 2017, to

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, and QUINCE, JJ., concur.
PARIENTE, J., concurs with an opinion.
LAWSON, J., concurs specially with an opinion.
POLSTON, J., dissents with an opinion, in which CANADY, J., concurs.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

PARIENTE, J., concurring.

I write in response to Justice Polston's dissent, which apparently disagrees with authorizing the proposed jury instructions for publication on an interim basis. Regardless of his views on the merits of Hurst v. State (Hurst), 202 So. 3d 40 (Fla. 2016), Justice Polston ignores that there is now legislation passed by the Legislature and signed into law by the Governor, effective March 13, 2017, which requires a unanimous jury verdict of death. Ch. 2017-1, § 1 Laws of Fla.; see

_____

file a response to any comments filed with the Court, as well as to propose any suggested modifications deemed appropriate and necessary. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Portal in accordance with In re: Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment must be electronically filed via e-mail in accordance with In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004). Electronically filed documents must be submitted in Microsoft Word 97 or higher. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

§ 921.141(2), Fla. Stat. (2016); see also Perry v. State, 41 Fla. L. Weekly S449 (Fla. Oct. 14, 2016). Ironically, even while continuing to adhere to his views on Hurst, Justice Polston joined the majority in Evans v. State, 42 Fla. L. Weekly S200 (Fla. Feb. 20, 2017), concluding that chapter 2016-13, Laws of Florida, could be applied to pending prosecutions with jury instructions consistent with Hurst.

Clearly the new capital sentencing law applies to pending prosecutions in Florida, and it is this Court's obligation to provide guidance to the trial courts, lawyers, litigants, and, most importantly, the jury—the finder of fact—as to the proper instructions on the law and verdict form. Thus, I concur in the majority's authorization of the jury instructions and verdict form, which are consistent with the Legislature's most recent revision to Florida's capital sentencing law.

LAWSON, J., specially concurring.

In light of changes to section 921.141, Florida Statutes, made by the Legislature in 2016 and recently in chapter 2017-1, Laws of Florida, I am not opposed to issuing proposed jury instructions for comment. I agree that the jury should be asked to render a verdict as to each aggravating circumstance alleged by the State, since that is expressly required by the statute and since the death penalty cannot be imposed unless at least one aggravating factor is proven beyond a

reasonable doubt.  § 921.141(2)(b)1, Fla. Stat. (2016).[3]  The jury's decision as to

each aggravator, of course, must be unanimous.  § 921.141(2)(b), Fla. Stat.

However, I question whether we need special verdicts as to each statutory

mitigating circumstance or as to the weighing process.[4]  See ch. 2017-1, § 1, Laws

of Fla. ("If a unanimous jury determines that the defendant should be sentenced to

death, the jury's recommendation to the court shall be a sentence of death.").  I

would invite comment as to whether it would be preferable to ask a jury that

unanimously finds an aggravating factor to then simply return a general verdict

reflecting its sentencing recommendation, consistent with the statute.

---

3.  Section 921.141 requires the jury to "return findings identifying each aggravating factor found to exist."  § 921.141(2)(b), Fla. Stat. (2016).  The statute also provides that the "defendant is eligible for a sentence of death" only if the jury "[u]nanimously finds at least one aggravating factor."  § 921.141(2)(b)2.

4.  Section 921.141(2)(b) directs that the jury must base its recommendation on whether sufficient aggravating factors exist and whether the aggravating factors outweigh the mitigating circumstances.  A properly instructed jury could simply be instructed to answer yes or no to the following question:  "Do you unanimously recommend a sentence of death?"  It makes no sense to me to have the jury make findings on mitigating circumstances because that is not required by the statute and because the jury's verdict is only a recommendation to the judge, who must then make independent findings as to mitigating circumstances and make an independent sentencing decision.  The majority's proposed interrogatory-style verdicts would imply that the judge should be bound by a jury's assessment of mitigating circumstances, which is contrary to the statute and makes no sense.  Are we really suggesting that the sentencing judge cannot find a circumstance to be mitigating unless found by the jury?  If detailed jury findings as to mitigating circumstances are not intended to be binding on the sentencing judge, I question why they are needed at all.

POLSTON, J., dissenting.

The proposed jury instructions are based in part on this Court's decision in Hurst v. State, 202 So. 3d 40 (Fla. 2016), petition for cert. filed, No. 16-998 (U.S. Feb. 13, 2017). Accordingly, because I continue to believe that the United States Constitution and the United States Supreme Court's decision in Hurst v. Florida, 136 S. Ct. 616 (2016), do not support this Court's erroneous holding in Hurst v. State, I dissent. As Justice Canady cogently explained,

> [c]ontrary to the majority's view, "each fact necessary to impose a sentence of death" that must be found by a jury is not equivalent to each determination necessary to impose a death sentence. The case law makes clear beyond any doubt that when the [United States Supreme] Court refers to "facts" in this context it denotes "elements" or their functional equivalent. And the case law also makes clear beyond any doubt that in the process for imposing a sentence of death, once the jury has found the element of an aggravator, no additional "facts" need be proved by the government to the jury. After an aggravator has been found, all the determinations necessary for the imposition of a death sentence fall outside the category of such "facts."

Hurst v. State, 202 So. 3d at 77 (Canady, J., dissenting).

Contrary to Justice Pariente's assertion in her concurring opinion, I have not forgotten that the Florida Legislature was forced to address the majority's erroneous ruling. And although I agreed in an earlier decision that chapter 2016-13, Laws of Florida, could be applied to pending prosecutions with jury instructions, there is nothing ironic about that. I agree that the Court should approve relevant instructions but through our normal committee process to address

- 7 -

chapter 2017-1, Laws of Florida. Until that happens, I do not believe our trial courts are frozen and unable to function without hearing how to instruct a jury from this Court. They are better than that.

CANADY, J., concurs.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

## APPENDIX

## 3.12(e)  JURY VERDICT FORM—DEATH PENALTY

We the jury find as follows as to (Defendant) in this case:

### A.  Aggravating Factors as to Count ___ :

We the jury unanimously find that the State has established beyond a reasonable doubt the existence of (aggravating factor).

    YES _____

    NO _____

*Repeat this step for each statutory aggravating factor submitted to the jury.*

**If you answer YES to at least one of the aggravating factors listed, please proceed to Section B.  If you answered NO to every aggravating factor listed, do not proceed to Section B;** (Defendant) **is not eligible for the death sentence and will be sentenced to life in prison without the possibility of parole.**

### B.  Sufficiency of the Aggravating Factors as to Count ___ :

Reviewing the aggravating factors that we unanimously found to be established beyond a reasonable doubt (Section A), we the jury unanimously find that the aggravating factors are sufficient to warrant a possible sentence of death.

    YES _____

    NO _____

**If you answer YES to Section B, please proceed to Section C.  If you answer NO to Section B, do not proceed to Section C;** (Defendant) **will be sentenced to life in prison without the possibility of parole.**

### C.  Statutory Mitigating Circumstances:

We the jury find that (statutory mitigating circumstance) was established by the greater weight of the evidence.

YES _____
NO _____

If you answered YES above, please provide the jury vote as to the existence of (statutory mitigating circumstance).
VOTE OF _____ TO _____.

*Repeat for each statutory mitigating circumstance.*

**Please proceed to Section D, regardless of your findings in Section C.**

### D. Eligibility for the Death Penalty for Count ____.

We the jury unanimously find that the aggravating factors that were proven beyond a reasonable doubt (Section A) outweigh the mitigating circumstances established (Section C above) as to Count ____.
YES _____
NO _____

**If you answered YES to Section D, please proceed to Section E. If you answered NO to Section D, do not proceed;** (Defendant) **will be sentenced to life in prison without the possibility of parole.**

### E. Jury Verdict as to Death Penalty

Having unanimously found that at least one aggravating factor has been established beyond a reasonable doubt (Section A), that the aggravating factors are sufficient to warrant a sentence of death (Section B), and the aggravating factors outweigh the mitigating circumstances (Section D), we the jury unanimously find that (Defendant) should be sentenced to death.
YES _____
NO _____

If NO, our vote to impose a sentence of life is _____ to _____.

**If your vote to impose death is less than unanimous, the trial court shall impose a sentence of life without the possibility of parole.**

Dated this _____ day of _____, 20__, in _____ County, Florida.


_____
(Signature of foreperson)


## 7.11 <u>PRELIMINARY INSTRUCTIONS IN</u> PENALTY PROCEEDINGS — CAPITAL CASES
§ 921.141, Fla. Stat.

*<u>This instruction is to be given immediately before the opening statements in the penalty phase of a death penalty case.</u>*

*Give 1a at the beginning of penalty proceedings before a jury that did not try the issue of guilt. Give bracketed language if the case has been remanded for a new penalty proceeding. See Hitchcock v. State, 673 So. 2d 859 (Fla. 1996). In addition, give the jury other appropriate general instructions.*

1. a. ~~Ladies and gentlemen~~ **<u>Members</u> of the jury, the defendant has been found guilty of** ____ **count[s] of Murder in the First Degree <u>in a previous proceeding</u>.** **[~~An appellate court has reviewed and affirmed the defendant's conviction. However, the appellate court sent the case back to this court with instructions that the defendant is to have a new trial to decide what sentence should be imposed.] Consequently, you will not concern yourselves with the question of [his] [her] guilt.~~** **<u>The only issue before you is to determine the appropriate sentence.</u>**

*Give 1b at<u> the</u> beginning of penalty proceedings before the jury that found the defendant guilty.*

b. ~~Ladies and gentlemen~~ **<u>Members</u> of the jury, you have found the defendant guilty of** ____ **count[s] of Murder in the First Degree.**

*For murders committed ~~prior to~~ <u>before</u> May 25, 1994, ~~the penalties were different; therefore, for crimes committed before that date,~~ the following ~~instruction~~ <u>paragraph</u> should be modified to comply with the statute in effect at the time the crime was committed. If the jury inquires whether the defendant will*

- 11 -

*receive credit for time served against a sentence of life without possibility of parole for 25 years, the court should instruct that the defendant will receive credit for all time served but that there is no guarantee the defendant will be granted parole either upon serving 25 years or subsequently. See Green v. State, 907 So. 2d 489, 496 (Fla. 2005).*

**2. The punishment for this crime is either ~~death or~~ life imprisonment without the possibility of parole <u>or death</u>. ~~The decision as to which punishment shall be imposed rests with the judge of this court; however, the law requires that you, the jury, provide an advisory sentence as to which punishment should be imposed upon the defendant.~~**

*Give <u>this instruction</u> in all cases ~~before taking evidence in penalty proceedings~~.*

<u>**The attorneys will now have an opportunity, if they wish, to make an opening statement. The opening statement gives the attorneys a chance to tell you what evidence they believe will be presented during the penalty phase of this trial. What the lawyers say during opening statements is not evidence, and you are not to consider it as such. After the attorneys have had the opportunity to present their opening statements, the**</u>**~~The~~ State and the defendant may ~~now~~ present evidence relative to the nature of the crime and the<u>defendant's</u> character, background<u>,</u> or life ~~of the defendant~~. You are instructed that <u>this evidence is presented in order for you to determine, as you will be instructed, (1) whether each aggravating factor is proven beyond a reasonable doubt; (2) whether one or more aggravating factors exist beyond a reasonable doubt; (3) whether the aggravating factors found to exist beyond a reasonable doubt are sufficient to justify the imposition of the death penalty; (4) whether mitigating circumstances are proven by the greater weight of the evidence; (5) whether the aggravating factors outweigh the mitigating circumstances; and (6) whether the defendant should be sentenced to life imprisonment without the possibility of parole or death. At the conclusion of the evidence and after argument of counsel, you will be instructed on the law that will guide your deliberations.</u>**

*~~Give only to the jury that found the defendant guilty.~~*
**~~this evidence when considered with the evidence you have already heard~~**

*~~Give only to a new penalty phase jury.~~*
**~~this evidence~~**

- 12 -

**is presented in order that you might determine, first, whether sufficient aggravating circumstances exist that would justify the imposition of the death penalty and, second, whether there are mitigating circumstances sufficient to outweigh the aggravating circumstances, if any. At the conclusion of the taking of the evidence and after argument of counsel, you will be instructed on the factors in aggravation and mitigation that you may consider.**

*Give after the taking of evidence and argument.*
**It is now your duty to advise the court as to the punishment that should be imposed upon the defendant for the crime of First Degree Murder. You must follow the law that will now be given to you and provide an advisory sentence based upon your determination as to whether sufficient aggravating circumstances exist to justify the imposition of the death penalty or whether sufficient mitigating circumstances exist that outweigh any aggravating circumstances found to exist. The definition of aggravating and mitigating circumstances will be given to you in a few moments. As you have been told, the final decision as to which punishment shall be imposed is the responsibility of the judge. In this case, as the trial judge, that responsibility will fall on me. However, the law requires you to provide me with an advisory sentence as to which punishment should be imposed—life imprisonment without the possibility of parole or the death penalty.**

*Give only in cases where mitigation was presented to the jury by the defendant and not where mitigation was waived.*
**Although the recommendation of the jury as to the penalty is advisory in nature and is not binding, the jury recommendation must be given great weight and deference by the Court in determining which punishment to impose.**

*Give only to the jury that found the defendant guilty.*
**Your advisory sentence should be based upon the evidence of aggravating and mitigating circumstances that you have heard while trying the guilt or innocence of the defendant and the evidence that has been presented to you in these proceedings.**

*Give only to a new penalty phase jury.*
**Your advisory sentence should be based upon the evidence of aggravating and mitigating circumstances that has been presented to you in these proceedings.**

*Weighing the evidence.*

It is up to you to decide which evidence is reliable. You should use your common sense in deciding which is the best evidence, and which evidence should not be relied upon in considering your verdict. You may find some of the evidence not reliable, or less reliable than other evidence.

*Credibility of witnesses.*

You should consider how the witnesses acted, as well as what they said. Some things you should consider are:

1. Did the witness seem to have an opportunity to see and know the things about which the witness testified?

2. Did the witness seem to have an accurate memory?

3. Was the witness honest and straightforward in answering the attorneys' questions?

4. Did the witness have some interest in how the case should be decided?

5. Did the witness' testimony agree with the other testimony and other evidence in the case?

6. Had the witness been offered or received any money, preferred treatment or other benefit in order to get the witness to testify?

7. Had any pressure or threat been used against the witness that affected the truth of the witness' testimony?

8. Did the witness at some other time make a statement that is inconsistent with the testimony he or she gave in court?

9. Has the witness been convicted of a felony or of a misdemeanor involving [dishonesty] [false statement]?

10. Does the witness have a general reputation for [dishonesty] [truthfulness]?

*Law enforcement witness.*

The fact that a witness is employed in law enforcement does not mean that [his] [her] testimony deserves more or less consideration than that of any other witness.

*Expert witnesses.*

Expert witnesses are like other witnesses with one exception—the law permits an expert witness to give an opinion. However, an expert's opinion is only reliable when given on a subject about which you believe that person to be an expert. Like other witnesses, you may believe or disbelieve all or any part of an expert's testimony.

*Accomplices and Informants.*

You must consider the testimony of some witnesses with more caution than others. For example, a witness who [claims to have helped the defendant commit a crime] [has been promised immunity from prosecution] [hopes to gain more favorable treatment in his or her own case] may have a reason to make a false statement in order to strike a good bargain with the State. This is particularly true when there is no other evidence tending to agree with what the witness says about the defendant. So, while a witness of that kind may be entirely truthful when testifying, you should consider [his] [or] [her] testimony with more caution than the testimony of other witnesses.

*Child witness.*

You have heard the testimony of a child. No witness is disqualified just because of age. There is no precise age that determines whether a witness may testify. The critical consideration is not the witness's age, but whether the witness understands the difference between what is true and what is not true, and understands the duty to tell the truth.

*Give only if the defendant did not testify.*

A defendant in a criminal case has a constitutional right not to testify at any stage of the proceedings. You must not draw any inference from the fact that a defendant does not testify.

*Give only if the defendant testified.*

The defendant in this case has become a witness. You should apply the same rules to consideration of [his] [her] testimony that you apply to the testimony of the other witnesses.

*Witness talked to lawyer.*

**It is entirely proper for a lawyer to talk to a witness about what testimony the witness would give if called to the courtroom. The witness should not be discredited by talking to a lawyer about [his] [her] testimony.**

*Give in all cases.*

**You may rely upon your own conclusion about the credibility of any witness. A juror may believe or disbelieve all or any part of the evidence or the testimony of any witness.**

*Rules for deliberation.*

**These are some general rules that apply to your discussion. You must follow these rules in order to return a lawful recommendation:**

**1.    You must follow the law as it is set out in these instructions. If you fail to follow the law, your recommendation will be a miscarriage of justice. There is no reason for failing to follow the law in this case. All of us are depending upon you to make a wise and legal decision in this matter.**

**2.    Your recommendation must be decided only upon the evidence that you have heard from the testimony of the witnesses, [have seen in the form of the exhibits in evidence] and these instructions.**

**3.    Your recommendation must not be based upon the fact that you feel sorry for anyone, or are angry at anyone.**

**4.    Remember, the lawyers are not on trial. Your feelings about them should not influence your recommendation.**

**5.    The jury is not to discuss any question[s] that [a juror] [jurors] wrote that [was] [were] not asked by the court, and must not hold that against either party.**

**6.    Your recommendation should not be influenced by feelings of prejudice, or by racial or ethnic bias, or by sympathy. Your recommendation must be based on the evidence, and on the law contained in these instructions.**

**7.** ~~During deliberations, jurors must communicate about the case only with one another and only when all jurors are present in the jury room. You are not to communicate with any person outside the jury about this case. Until you have reached an advisory sentence, you must not talk about this case in person or through the telephone, writing, or electronic communication, such as a blog, twitter, e-mail, text message, or any other means. Do not contact anyone to assist you during deliberations. These communications rules apply until I discharge you at the end of the case. If you become aware of any violation of these instructions or any other instruction I have given in this case, you must tell me by giving a note to the [court deputy] [bailiff].~~

**8.** ~~If you need to communicate with me, send a note through the [court deputy] [bailiff], signed by the foreperson. If you have questions, I will talk with the attorneys before I answer, so it may take some time. You may continue your deliberations while you wait for my answer. I will answer any questions, if I can, in writing or orally here in open court.~~

*Aggravating ~~circumstances~~Factors:~~. § 921.141(5), Fla. Stat.~~*

An aggravating ~~circumstance~~factor is a standard to guide the jury in making the choice between ~~the alternative recommendations~~ recommending ~~of~~ life imprisonment without the possibility of parole or death. It is a statutorily enumerated circumstance ~~which~~ that increases the gravity of a crime or the harm to a victim.

~~An~~ You must unanimously agree that each aggravating ~~circumstance~~ factor ~~must be~~was proven beyond a reasonable doubt before it may be considered by you in arriving at your final ~~recommendation~~verdict. In order to consider the death penalty as a possible penalty, you must determine that at least one aggravating ~~circumstance~~ factor has been proven beyond a reasonable doubt.

The State has the burden to prove each aggravating ~~circumstance~~ factor beyond a reasonable doubt. A reasonable doubt is not a mere possible doubt, a speculative, imaginary, or forced doubt. Such a doubt must not influence you to disregard an aggravating ~~circumstance~~factor if you have an abiding conviction that it exists. On the other hand, if, after carefully considering, comparing, and weighing all the evidence, you do not have an abiding conviction that the aggravating ~~circumstance~~ factor exists, or if, having a

conviction, it is one which is not stable but one which wavers and vacillates, then the aggravating ~~circumstance~~ factor has not been proved beyond every reasonable doubt and you must not consider it in providing your ~~an advisory sentence~~ verdict on the appropriate sentence to the court.

*~~Give only to the jury that found the defendant guilty.~~*
~~It is to the evidence introduced during the guilt phase of this trial and in this proceeding, and to it alone, that you are to look for that proof.~~

*~~Give only to a new penalty phase jury.~~*
~~It is to the evidence introduced during this proceeding, and to it alone, that you are to look for that proof.~~

A reasonable doubt as to the existence of an aggravating ~~circumstance~~ factor may arise from the evidence, conflicts in the evidence, or the lack of evidence. If you have a reasonable doubt as to the existence of an aggravating ~~circumstance~~factor, you ~~should~~ must find that it does not exist.  However, if you have no reasonable doubt, you should find that the aggravating ~~circumstance~~ factor does exist ~~and give it whatever weight you determine it should receive.~~

Before moving on to the mitigating circumstances, you must determine that the aggravating factors are sufficient to impose a sentence of death.  If you do not unanimously agree that the aggravating factors are sufficient to impose death, do not move on to consider the mitigating circumstances.

~~The aggravating circumstances that you may consider are limited to any of the following that you find are established by the evidence:~~
*~~Give only those aggravating circumstances for which evidence has been presented.~~*
~~1.     The capital felony was committed by a person previously convicted of a felony and [under sentence of imprisonment] [on community control] [on felony probation].~~

~~2.     The defendant was previously convicted of [another capital felony] [a felony involving the [use] [threat] of violence to the person].~~

*~~Because the character of a crime if involving violence or threat of violence is a matter of law, when the State offers evidence under aggravating circumstance "2" the court shall instruct the jury of the following, as applicable:~~*

*Give 2a or 2b as applicable.*

a. ~~The crime of~~ (previous crime) ~~is a capital felony.~~

b. ~~The crime of~~ (previous crime) ~~is a felony involving the [use] [threat] of violence to another person.~~

~~3.~~ ~~The defendant knowingly created a great risk of death to many persons.~~

~~4.~~ ~~The capital felony was committed while the defendant was~~

~~[engaged]~~
~~[an accomplice]~~

~~in~~

~~[the commission of]~~
~~[an attempt to commit]~~
~~[flight after committing or attempting to commit]~~

~~any~~

*Check § 921.141(5)(d), Fla. Stat., for any change in list of offenses.*
~~[robbery].~~
~~[sexual battery].~~
~~[aggravated child abuse].~~
~~[abuse of an elderly person or disabled adult resulting in great bodily harm, permanent disability, or permanent disfigurement].~~
~~[arson].~~
~~[burglary].~~
~~[kidnapping].~~
~~[aircraft piracy].~~
~~[unlawful throwing, placing or discharging of a destructive device or bomb].~~

~~5.~~ ~~The capital felony was committed for the purpose of avoiding or preventing a lawful arrest or effecting an escape from custody.~~

~~6.~~ ~~The capital felony was committed for financial gain.~~

**7.** The capital felony was committed to disrupt or hinder the lawful exercise of any governmental function or the enforcement of laws.

**8.** The capital felony was especially heinous, atrocious or cruel.

"Heinous" means extremely wicked or shockingly evil.

"Atrocious" means outrageously wicked and vile.

"Cruel" means designed to inflict a high degree of pain with utter indifference to, or even enjoyment of, the suffering of others.

The kind of crime intended to be included as heinous, atrocious, or cruel is one accompanied by additional acts that show that the crime was conscienceless or pitiless and was unnecessarily torturous to the victim.

**9.** The capital felony was a homicide and was committed in a cold, calculated, and premeditated manner, without any pretense of moral or legal justification.

"Cold" means the murder was the product of calm and cool reflection.

"Calculated" means having a careful plan or prearranged design to commit murder.

A killing is "premeditated" if it occurs after the defendant consciously decides to kill. The decision must be present in the mind at the time of the killing. The law does not fix the exact period of time that must pass between the formation of the premeditated intent to kill and the killing. The period of time must be long enough to allow reflection by the defendant. The premeditated intent to kill must be formed before the killing.

However, in order for this aggravating circumstance to apply, a heightened level of premeditation, demonstrated by a substantial period of reflection, is required.

- 20 -

A "pretense of moral or legal justification" is any claim of justification or excuse that, though insufficient to reduce the degree of murder, nevertheless rebuts the otherwise cold, calculated, or premeditated nature of the murder.

10.    The victim of the capital felony was a law enforcement officer engaged in the performance of [his] [her] official duties.

11.    The victim of the capital felony was an elected or appointed public official engaged in the performance of [his] [her] official duties, if the motive for the capital felony was related, in whole or in part, to the victim's official capacity.

12.    The victim of the capital felony was a person less than 12 years of age.

13.    The victim of the capital felony was particularly vulnerable due to advanced age or disability, or because the defendant stood in a position of familial or custodial authority over the victim.

*With the following aggravating factor, definitions as appropriate from § 874.03, Fla. Stat., must be given.*

14.    The capital felony was committed by a criminal street gang member.

15.    The capital felony was committed by a person designated as a sexual predator or a person previously designated as a sexual predator who had the sexual predator designation removed.

16.    The capital felony was committed by a person subject to

[a domestic violence injunction issued by a Florida judge],
[a [repeat] [sexual] [dating] violence injunction issued by a Florida judge],
[a protection order issued from [another state] [the District of Columbia] [an Indian tribe] [a commonwealth, territory, or possession of the United States]],

and

**the victim of the capital felony was [the person] [a [spouse] [child] [sibling] [parent] of the person] who obtained the [injunction] [protective order].**

*Merging aggravating factors.*
*Give the following paragraph if applicable. When it is given, you must also give the jury an example specifying each potentially duplicitous aggravating circumstance. See Castro v. State, 597 So. 2d 259 (Fla. 1992).*
**The State may not rely upon a single aspect of the offense to establish more than one aggravating circumstance. Therefore, if you find that two or more of the aggravating circumstances are proven beyond a reasonable doubt by a single aspect of the offense, you are to consider that as supporting only one aggravating circumstance.**
**If you find the aggravating circumstances do not justify the death penalty, your advisory sentence should be one of life imprisonment without possibility of parole.**

*Mitigating eCircumstances. § 921.141(6), Fla. Stat.:*
**Should you find sufficient aggravating circumstances factors do exist to justify recommending the imposition of the death penalty, it will then be your duty to determine whether the aggravating factors that you unanimously find to have been proven beyond a reasonable doubt outweigh the mitigating circumstances outweigh the aggravating circumstances that you find to existhave been established. Unlike aggravating factors, you do not need to unanimously agree that a mitigating circumstance has been established.**

**A mitigating circumstance is not limited to the facts surrounding the crime. It can be anything in the life of the defendant which might indicate that the death penalty is not appropriate for the defendant. In other words, a mitigating circumstance may include any aspect of the defendant's character, background, or life or any circumstance of the offense that reasonably may indicate that the death penalty is not an appropriate sentence in this case.**

**A mitigating circumstance need not be provedn beyond a reasonable doubt by the defendant. A mitigating circumstance need only be provedn by the greater weight of the evidence, which means evidence that more likely than not tends to prove the existence of a mitigating circumstance. If you determine by the greater weight of the evidence that a mitigating circumstance exists, you may consider it established and give that evidence**

such weight as you determine it should receive in reaching your conclusion as to the sentence to be imposed.

~~**Among the mitigating circumstances you may consider are:**~~
*~~Give only those mitigating circumstances for which evidence has been~~*
*~~presented.~~*
~~**1.      The defendant has no significant history of prior criminal activity.**~~

*~~If the defendant offers evidence on this circumstance and the State, in~~*
*~~rebuttal, offers evidence of other crimes, also give the following:~~*
~~**Conviction of** (previous crime) **is not an aggravating circumstance to be considered in determining the penalty to be imposed on the defendant, but a conviction of that crime may be considered by the jury in determining whether the defendant has a significant history of prior criminal activity.**~~

~~**2.      The capital felony was committed while the defendant was under the influence of extreme mental or emotional disturbance.**~~

~~**3.      The victim was a participant in the defendant's conduct or consented to the act.**~~

~~**4.      The defendant was an accomplice in the capital felony committed by another person and [his] [her] participation was relatively minor.**~~

~~**5.      The defendant acted under extreme duress or under the substantial domination of another person.**~~

~~**6.      The capacity of the defendant to appreciate the criminality of [his] [her] conduct or to conform [his] [her] conduct to the requirements of law was substantially impaired.**~~

~~**7.      The age of the defendant at the time of the crime.**~~

~~**8.      The existence of any other factors in the defendant's character, background or life, or the circumstances of the offense that would mitigate against the imposition of the death penalty.**~~

~~**If one or more aggravating circumstances are established, you should consider all the evidence tending to establish one or more mitigating**~~

~~circumstances and give that evidence such weight as you determine it should receive in reaching your conclusion as to the sentence that should be imposed.~~

   *~~Victim impact evidence.  Give 1, or 2, or 3, or all as applicable.~~*
   ~~You have heard evidence about the impact of this homicide on the~~

   ~~1.  family,~~
   ~~2.  friends,~~
   ~~3.  community~~

~~of~~ (decedent).  ~~This evidence was presented to show the victim's uniqueness as an individual and the resultant loss by~~ (decedent's) ~~death.  However, you may not consider this evidence as an aggravating circumstance.  Your recommendation to the court must be based on the aggravating circumstances and the mitigating circumstances upon which you have been instructed.~~

   *~~Recommended sentence.~~*
   ~~The sentence that you recommend must be based upon the facts as you find them from the evidence and the law.  If, after weighing the aggravating and mitigating circumstances, you determine that at least one aggravating circumstance is found to exist and that the mitigating circumstances do not outweigh the aggravating circumstances, or, in the absence of mitigating factors, that the aggravating factors alone are sufficient, you may recommend that a sentence of death be imposed rather than a sentence of life in prison without the possibility of parole. Regardless of your findings in this respect, however, you are neither compelled nor required to recommend a sentence of death.  If, on the other hand, you determine that no aggravating circumstances are found to exist, or that the mitigating circumstances outweigh the aggravating circumstances, or, in the absence of mitigating factors, that the aggravating factors alone are not sufficient, you must recommend imposition of a sentence of life in prison without the possibility of parole rather than a sentence of death.~~

   ~~The process of weighing aggravating and mitigating factors to determine the proper punishment is not a mechanical process.  The law contemplates that different factors may be given different weight or values by different jurors.  In your decision-making process, you, and you alone, are to decide what weight is to be given to a particular factor.~~

**In these proceedings it is not necessary that the advisory sentence of the jury be unanimous.**

**The fact that the jury can recommend a sentence of life imprisonment or death in this case on a single ballot should not influence you to act hastily or without due regard to the gravity of these proceedings. Before you ballot you should carefully weigh, sift, and consider the evidence, realizing that human life is at stake, and bring your best judgment to bear in reaching your advisory sentence.**

**If a majority of the jury, seven or more, determine that** (defendant) **should be sentenced to death, your advisory sentence will be:**

> **A majority of the jury by a vote of _____, to _____ advise and recommend to the court that it impose the death penalty upon** (defendant)**.**

**On the other hand, if by six or more votes the jury determines that** (defendant) **should not be sentenced to death, your advisory sentence will be:**
> **The jury advises and recommends to the court that it impose a sentence of life imprisonment upon** (defendant) **without possibility of parole.**

**When you have reached an advisory sentence in conformity with these instructions, that form of recommendation should be signed by your foreperson, dated with today's date and returned to the court. There is no set time for a jury to reach a verdict. Sometimes it only takes a few minutes. Other times it takes hours or even days. It all depends upon the complexity of the case, the issues involved and the makeup of the individual jury. You should take sufficient time to fairly discuss the evidence and arrive at a well reasoned recommendation.**

**You will now retire to consider your recommendation as to the penalty to be imposed upon the defendant.**

## Comment

This instruction was adopted in 1981 and amended in 1985 [477 So. 2d 985], 1989 [543 So. 2d 1205], 1991 [579 So. 2d 75], 1992 [603 So. 2d 1175], 1994 [639 So. 2d 602], 1995 [665 So. 2d 212], 1996 [678 So. 2d 1224], 1997 [690 So. 2d

1263], 1998 [723 So. 2d 123], 2009 [22 So. 3d 17], ~~and~~ 2014 [146 So. 3d 1110], and 2017.

### 7.11(a) FINAL INSTRUCTIONS IN PENALTY PROCEEDINGS — CAPITAL CASES
§ 921.141, Fla. Stat.

*This instruction should be given after the closing arguments in the penalty phase of a death penalty trial.*

**Members of the jury, you have heard all the evidence and the argument of counsel. It is now your duty to make a decision as to the appropriate sentence that should be imposed upon the defendant for the crime of First Degree Murder. There are two possible punishments: (1) life imprisonment without the possibility of parole, or (2) death.**

**In making your decision, you must first unanimously determine whether the aggravating factor[s] alleged by the State [has] [have] been proven beyond a reasonable doubt. An aggravating factor is a circumstance that increases the gravity of a crime or the harm to a victim. No facts other than proven aggravating factors may be considered in support of a death sentence.**

*Aggravating factors. § 921.141(6), Fla. Stat.*
**The aggravating factor[s] alleged by the State [is] [are]:**

*Give only those aggravating factors noticed by the State which are supported by the evidence.*
**1.** (Defendant) **was previously convicted of a felony and [under sentence of imprisonment] [on community control] [on felony probation].**

**2.** (Defendant) **was previously convicted of [another capital felony] [a felony involving the [use] [threat] of violence to another person].**

*Give 2a or 2b as applicable.*
**a.** **The crime of** (previous crime) **is a capital felony.**

**b.** **The crime of** (previous crime) **is a felony involving the [use] [threat] of violence to another person.**

**3.** (Defendant) **knowingly created a great risk of death to many persons.**

**4.** **The First Degree Murder was committed while** (defendant) **was [engaged] [an accomplice] in [the commission of] [an attempt to commit] [flight after committing or attempting to commit]**

**any**

**[robbery].**
**[sexual battery].**
**[aggravated child abuse].**
**[abuse of an elderly person or disabled adult resulting in great bodily harm, permanent disability, or permanent disfigurement].**
**[arson].**
**[burglary].**
**[kidnapping].**
**[aircraft piracy].**
**[unlawful throwing, placing or discharging of a destructive device or bomb].**

*Check § 921.141(6)(d), Fla. Stat., for any change in list of offenses.*

**5.** **The First Degree Murder was committed for the purpose of avoiding or preventing a lawful arrest or effecting an escape from custody.**

**6.** **The First Degree Murder was committed for financial gain.**

**7.** **The First Degree Murder was committed to disrupt or hinder the lawful exercise of any governmental function or the enforcement of laws.**

**8.** **The First Degree Murder was especially heinous, atrocious or cruel.**

**"Heinous" means extremely wicked or shockingly evil.**

**"Atrocious" means outrageously wicked and vile.**

**"Cruel" means designed to inflict a high degree of pain with utter indifference to, or even enjoyment of, the suffering of others.**

**The kind of crime intended to be included as especially heinous, atrocious, or cruel is one accompanied by additional acts that show that the crime was conscienceless or pitiless and was unnecessarily torturous to** (decedent).

**9.      The First Degree Murder was committed in a cold, calculated, and premeditated manner, without any pretense of moral or legal justification.**

**"Cold" means the murder was the product of calm and cool reflection.**

**"Calculated" means having a careful plan or prearranged design to commit murder.**

**A killing is "premeditated" if it occurs after the defendant consciously decides to kill.  The decision must be present in the mind at the time of the killing.  The law does not fix the exact period of time that must pass between the formation of the premeditated intent to kill and the killing. The period of time must be long enough to allow reflection by the defendant.  The premeditated intent to kill must be formed before the killing.**

**However, in order for this aggravating factor to apply, a heightened level of premeditation, demonstrated by a substantial period of reflection, is required.**

**A "pretense of moral or legal justification" is any claim of justification or excuse that, though insufficient to reduce the degree of murder, nevertheless rebuts the otherwise cold, calculated, or premeditated nature of the murder.**

**10.      (Decedent) was a law enforcement officer engaged in the performance of [his] [her] official duties.**

**11.** (Decedent) **was an elected or appointed public official engaged in the performance of [his] [her] official duties, if the motive for the First Degree Murder was related, in whole or in part, to** (decedent's) **official capacity.**

**12.** (Decedent) **was a person less than 12 years of age.**

**13.** (Decedent) **was particularly vulnerable due to advanced age or disability, or because** (defendant) **stood in a position of familial or custodial authority over** (decedent)**.**

*With the following aggravating factor, definitions as appropriate from § 874.03, Fla. Stat., must be given.*

**14.** **The First Degree Murder was committed by a criminal street gang member.**

**15.** **The First Degree Murder was committed by a person designated as a sexual predator or a person previously designated as a sexual predator who had the sexual predator designation removed.**

**16.** **The First Degree Murder was committed by a person subject to**

**[a domestic violence injunction issued by a Florida judge],**
**[a [repeat] [sexual] [dating] violence injunction issued by a Florida judge],**
**[a protection order issued from [another state] [the District of Columbia] [an Indian tribe] [a commonwealth, territory, or possession of the United States]],**

**and**

**the victim of the First Degree Murder was [the person] [a [spouse] [child] [sibling] [parent] of the person] who obtained the [injunction] [protective order].**

*Give in all cases.*

**As explained before the presentation of evidence, the State has the burden to prove an aggravating factor beyond a reasonable doubt. A reasonable doubt is not a mere possible doubt, a speculative, imaginary, or**

**forced doubt. Such a doubt must not influence you to disregard an aggravating factor if you have an abiding conviction that it exists. On the other hand, if, after carefully considering, comparing, and weighing all the evidence, you do not have an abiding conviction that the aggravating factor exists, or if, having a conviction, it is one which is not stable but one which waivers and vacillates, then the aggravating factor has not been proved beyond every reasonable doubt and you must not consider it in providing a verdict.**

**A reasonable doubt as to the existence of an aggravating factor may arise from the evidence, a conflict in the evidence, or the lack of evidence. If you have a reasonable doubt as to the existence of an aggravating factor, you must find that it does not exist. However, if you have no reasonable doubt, you should find the aggravating factor does exist.**

**A finding that an aggravating factor exists must be unanimous, that is, all of you must agree that each presented aggravating factor exists. You will be provided a form to make this finding [as to each alleged aggravating factor] and you should indicate whether or not you find [the] [each] aggravating factor has been proven beyond a reasonable doubt.**

**If you do not unanimously find that at least one aggravating factor was proven by the State, then the defendant is not eligible for the death penalty, and your verdict must be for a sentence of life imprisonment without the possibility for parole.  At such point, your deliberations are complete.**

**If, however, you unanimously find that [one or more] [the] aggravating factor[s] [has] [have] been proven beyond a reasonable doubt, then the defendant is eligible for the death penalty, and you must make additional findings to determine whether the appropriate sentence to be imposed is life imprisonment without the possibility of parole or death.**

*Mitigating circumstances.  § 921.141(7), Fla. Stat.*
**If you do unanimously find the existence of at least one aggravating factor and that the aggravating factor(s) [is] [are] sufficient to impose a sentence of death, the next step in the process is for you to determine whether any mitigating circumstances exist. A mitigating circumstance can be anything in the life of the defendant which might indicate that the death penalty is not appropriate. It is not limited to the facts surrounding the crime. A mitigating circumstance may include any aspect of the defendant's**

**character, background, or life or any circumstance of the offense that may reasonably indicate that the death penalty is not an appropriate sentence in this case.**

**Among the mitigating circumstances you may consider are:**
*Give only those mitigating circumstances for which evidence has been presented.*
1.      (Defendant) **has no significant history of prior criminal activity.**

*If the defendant offers evidence on this circumstance and the State, in rebuttal, offers evidence of other crimes, also give the following:*
**Conviction of** (previous crime) **is not an aggravating factor to be considered in determining the penalty to be imposed on the defendant, but a conviction of that crime may be considered by the jury in determining whether the defendant has a significant history of prior criminal activity.**

2.      **The First Degree Murder was committed while** (defendant) **was under the influence of extreme mental or emotional disturbance.**

3.      (Decedent) **was a participant in** (defendant's**) conduct or consented to the act.**

4.      (Defendant) **was an accomplice in the First Degree Murder committed by another person and [his] [her] participation was relatively minor.**

5.      (Defendant) **acted under extreme duress or under the substantial domination of another person.**

6.      **The capacity of** (defendant) **to appreciate the criminality of [his] [her] conduct or to conform [his] [her] conduct to the requirements of law was substantially impaired.**

7.      (Defendant's) **age at the time of the crime.**

*The judge should also instruct on any additional mitigating circumstances as requested.*
8.      **The existence of any other factors in** (defendant's) **character, background, or life or the circumstances of the offense that would mitigate against the imposition of the death penalty.**

**It is the defendant's burden to prove that mitigating circumstances exist. As explained before these proceedings, the defendant need only establish a mitigating circumstance by the greater weight of the evidence, which means evidence that more likely than not tends to establish the existence of a mitigating circumstance. If you determine by the greater weight of the evidence that a mitigating circumstance exists, you must consider it established and give that evidence such weight as you determine it should receive in reaching your verdict about the appropriate sentence to be imposed. Any juror persuaded as to the existence of a mitigating circumstance must consider it in this case. Further, any juror may consider a mitigating circumstance found by another juror, even if he or she did not find that factor to be mitigating.**

**Your decision regarding the appropriate sentence should be based upon proven aggravating factors and established mitigating circumstances that have been presented to you during these proceedings. You will now engage in a weighing process.**

*Merging aggravating factors. Give the following paragraph if applicable. For example, the aggravating circumstances that 1) the murder was committed during the course of a robbery and 2) the murder was committed for financial gain, relate to the same aspect of the offense and may be considered as only a single aggravating circumstance. Castro v. State, 597 So. 2d 259 (Fla. 1992).*
**Pursuant to Florida law, the aggravating factors of** *(insert aggravating factor)* **and** *(insert aggravating factor)* **are considered to merge because they are considered to be a single aspect of the offense. If you unanimously determine that the aggravating factors of** *(insert aggravating factor)* **and** *(insert aggravating factor)* **have both been proven beyond a reasonable doubt, your findings should indicate that both aggravating factors exist, but you must consider them as only one aggravating factor during the weighing process that I am about to explain to you.**

**You must weigh all of the following:**
**a.  Whether the aggravating factor[s] found to exist [is] [are] sufficient to justify the death penalty,**
**b. Whether the aggravating factor[s] outweigh[s] any mitigating circumstance[s] found to exist, and**
**c.  Based on all of the considerations pursuant to these instructions, whether the defendant should be sentenced to life imprisonment**

**without the possibility of parole or death.**

**The process of weighing aggravating factors and mitigating circumstances is not a mechanical or mathematical process. In other words, you should not merely total the number of aggravating factors and compare that number to the total number of mitigating circumstances. The law contemplates that different factors or circumstances may be given different weight or values by different jurors. Therefore, in your decision-making process, each individual juror must decide what weight is to be given to a particular factor or circumstance. Regardless of the results of each juror's individual weighing process—even if you find that the sufficient aggravators outweigh the mitigators—the law neither compels nor requires you to determine that the defendant should be sentenced to death.**

**Once each juror has weighed the proven factors, he or she must determine the appropriate punishment for the defendant. The jury's decision regarding the appropriate sentence must be unanimous if death is to be imposed. To repeat what I have said, if your verdict is that the defendant should be sentenced to death, your finding that each aggravating factor exists must be unanimous, your finding that the aggravating factors are sufficient to impose death must be unanimous, and your finding that the aggravating factor(s) found to exist outweigh the established mitigating circumstances must be unanimous, and your decision if to impose a sentence of death must be unanimous.**

**You will be provided a form to reflect your findings and decision regarding the appropriate sentence. If your vote on the appropriate sentence is less than unanimous, the defendant will be sentenced to life in prison without the possibility of parole.**

**The fact that the jury can make its decision on a single ballot should not influence you to act hastily or without due regard to the gravity of these proceedings. Before you vote, you should carefully consider and weigh the evidence, realizing that a human life is at stake, and bring your best judgment to bear in reaching your verdict.**

*Weighing the evidence.*
**When considering aggravating factors and mitigating circumstances, it is up to you to decide which evidence is reliable. You should use your common sense in deciding which is the best evidence and which evidence should not be**

**relied upon in making your decision as to what sentence should be imposed. You may find some of the evidence not reliable, or less reliable than other evidence.**

**You should consider how the witnesses acted, as well as what they said. Some things you should consider are:**

**1. Did the witness seem to have an opportunity to see and know the things about which the witness testified?**

**2. Did the witness seem to have an accurate memory?**

**3. Was the witness honest and straightforward in answering the attorneys' questions?**

**4. Did the witness have some interest in how the case should be decided?**

**5. Did the witness's testimony agree with the other testimony and other evidence in the case?**

*Give as applicable.*
**6. Had the witness been offered or received any money, preferred treatment or other benefit in order to get the witness to testify?**

**7. Had any pressure or threat been used against the witness that affected the truth of the witness's testimony?**

**8. Did the witness at some other time make a statement that is inconsistent with the testimony he or she gave in court?**

**9. Has the witness been convicted of a felony or of a misdemeanor involving [dishonesty] [false statement]?**

**10. Does the witness have a general reputation for [dishonesty] [truthfulness]?**

*Law enforcement witness.*

**The fact that a witness is employed in law enforcement does not mean that [his] [her] testimony deserves more or less consideration than that of any other witness.**

*Expert witnesses.*
**Expert witnesses are like other witnesses with one exception—the law permits an expert witness to give an opinion. However, an expert's opinion is only reliable when given on a subject about which you believe that person to be an expert. Like other witnesses, you may believe or disbelieve all or any part of an expert's testimony.**

*Accomplices and Informants.*
**You must consider the testimony of some witnesses with more caution than others. For example, a witness who [claims to have helped the defendant commit a crime] [has been promised immunity from prosecution] [hopes to gain more favorable treatment in his or her own case] may have a reason to make a false statement in order to strike a good bargain with the State. This is particularly true when there is no other evidence tending to agree with what the witness says about the defendant. So, while a witness of that kind may be entirely truthful when testifying, you should consider [his] [her] testimony with more caution than the testimony of other witnesses.**

*Child witness.*
**You have heard the testimony of a child. No witness is disqualified just because of age. There is no precise age that determines whether a witness may testify. The critical consideration is not the witness's age, but whether the witness understands the difference between what is true and what is not true, and understands the duty to tell the truth.**

*Give only if the defendant testified.*
**The defendant in this case has become a witness. You should apply the same rules to consideration of [his] [her] testimony that you apply to the testimony of the other witnesses.**

*Witness talked to lawyer.*
**It is entirely proper for a lawyer to talk to a witness about what testimony the witness would give if called to the courtroom. The witness should not be discredited by talking to a lawyer about [his] [her] testimony.**

*Give in all cases.*

**You may rely upon your own conclusion about the credibility of any witness. A juror may believe or disbelieve all or any part of the evidence or the testimony of any witness.**

*Give only if the defendant did not testify.*
**The defendant exercised a fundamental right by choosing not to be a witness in this case. You must not be influenced in any way by [his] [her] decision. No juror should ever be concerned that the defendant did or did not take the witness stand to give testimony in the case.**

*Rules for deliberation.*
**These are some general rules that apply to your discussions. You must follow these rules in order to make a lawful decision.**

**1.      You must follow the law as it is set out in these instructions. If you fail to follow the law, your decisions will be a miscarriage of justice. There is no reason for failing to follow the law in this case. All of us are depending upon you to make wise and legal decisions in this matter.**

**2.      Your decisions must be based only upon the evidence that you have heard from the testimony of the witnesses, [have seen in the form of the exhibits in evidence,] and these instructions.**

**3.      Your decisions must not be based upon the fact that you feel sorry for anyone or are angry at anyone.**

**4.      Remember, the lawyers are not on trial. Your feelings about them should not influence your decisions.**

*Give #5 if applicable.*
**5.      The jury is not to discuss any question[s] that [a juror] [jurors] wrote that [was] [were] not asked by the Court, and must not hold that against either party.**

**6.      Your decisions should not be influenced by feelings of prejudice, racial or ethnic bias, or sympathy. Your decisions must be based on the evidence and the law contained in these instructions.**

*Victim-impact evidence.*

**You have heard evidence about the impact of this murder on the [family] [friends] [community] of** (decedent)**. This evidence was presented to show the victim's uniqueness as an individual and the resultant loss by** (decedent's) **death. However, you may not consider this evidence as an aggravating factor. Your decisions must be based on the aggravating factor[s], the mitigating circumstance[s], and the weighing process upon which you have been instructed.**

*Submitting case to jurors.*
**In just a few moments you will be taken to the jury room by the [court deputy] [bailiff]. When you have reached decisions in conformity with these instructions, the appropriate form[s] should be signed and dated by your foreperson.**

**During deliberations, jurors must communicate about the case only with one another and only when all jurors are present in the jury room. You are not to communicate with any person outside the jury about this case, and you must not talk about this case in person or through the telephone, writing, or electronic communication, such as a blog, Twitter, e-mail, text message, or any other means.**

*Give if judge has allowed jurors to keep their electronic devices during the penalty phase.*
**Many of you may have cell phones, tablets, laptops, or other electronic devices here in the courtroom. The rules do not allow you to bring your phones or any of those types of electronic devices into the jury room. Kindly leave those devices on your seats where they will be guarded by the [court deputy] [bailiff] while you deliberate.**

**Do not contact anyone to assist you during deliberations. These communications rules apply until I discharge you at the end of the case. If you become aware of any violation of these instructions or any other instruction I have given in this case, you must tell me by giving a note to the [court deputy] [bailiff].**

*Give if applicable.*
**During this trial, [an item] [items] [was] [were] received into evidence as [an] exhibit[s]. You may examine whatever exhibit[s] you think will help you in your deliberations.**

*Give a or b as appropriate.*

**a.     The[se] exhibit[s] will be sent into the jury room with you when you begin to deliberate.**

**b.     If you wish to see an[y] exhibit[s], please request that in writing.**

**I cannot participate in your deliberations in any way. Please disregard anything I may have said or done that made you think I preferred one decision over another. If you need to communicate with me, send a note through the [court deputy] [bailiff], signed by the foreperson. If you have questions, I will talk with the attorneys before I answer, so it may take some time. You may continue your deliberations while you wait for my answer. I will answer any questions, if I can, in writing or orally here in open court.**

**In closing, let me remind you that it is important that you follow the law spelled out in these instructions. There are no other laws that apply to this case. Even if you do not like the laws that must be applied, you must use them. For more than two centuries we have lived by the constitution and the law. No juror has the right to violate rules we all share.**

### Comment

This instruction was adopted in 2017.

## 7.12 DIALOGUE FOR POLLING THE JURY (DEATH PENALTY CASE)

~~Ladies and gentlemen~~ **Members** of the jury, we are going to ask each of you individually ~~concerning the advisory sentence~~**about the verdict[s] that you have just heard.** ~~It is not necessary that you state how you personally voted, or how any other person voted, but only if the advisory sentence~~**The question[s] pertain to whether the verdict[s], as read by the clerk, [was] [were] correctly stated.**

*The following question is to be asked of each juror if the* ~~*recommendation*~~*verdict is for the death penalty:*
~~**Do you, [Mr.] [Ms.]_____, agree and confirm that a majority of the jury join in the advisory sentence that you have just heard**~~

- 38 -

**read by the clerk?  Do you,** *(name of juror))*]* **[juror number** *(number of juror)),* **agree that each of the findings in the verdict form is yours?**

*The following question is to be asked of each juror if the* ~~*recommendation*~~*verdict is for a life sentence:*
**Do you, [Mr.] [Ms.]**_____*(name of juror))]* **[juror number** *(number of juror)),* **agree** ~~**and confirm**~~ **that at least** ~~**six or more**~~ **one member of the jury** ~~**join in the advisory sentence that you have just heard read by the clerk**~~**voted for a sentence of life imprisonment without the possibility of parole?**

## Comment

This instruction was adopted in 1981 and was amended in 1997 and 2017.